# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff | * | |
| v. | * | |
| JAMES KALBFLESH, *et al.*, | * | CRIMINAL NOS. JKB-13-0083 |
| TYSON HINCKLE, *et al.*, | | JKB-13-0084 |
| ROBERT HARVEY, *et al.* | * | JKB-13-0102 |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

It is the Court's responsibility to ensure that none of the evidence offered against a Defendant has been tainted by a statement that the Government compelled him to make. The Court has found that the Government compelled certain Defendants to make statements during the initial state investigation of these matters. (*See Kalbflesh*, JKB-13-0083, ECF No. 63.) So long as the Government has not distributed the compelled statements to anyone, the Court must concern itself with two categories of tainted evidence: (1) evidence may have been derived from a compelled statement during the initial state investigation; and (2) evidence may have been derived from a compelled statement during the federal investigation that led to the indictments in these cases. In an effort to address these categories of potential taint, the Court has scheduled a *Kastigar* hearing, at which the Government will have the burden of demonstrating that their evidence is not tainted by the compelled statements.

However, once the Government produces the compelled statements to Defendants, the Court must consider a third category of potential taint: a representative of one of the Defendants might expose a potential witness to a compelled statement. In an effort to prevent this third

category of taint from occurring, the Government moved for the Court to enter a protective order that would have limited the use and dissemination of the compelled statements by Defendants and their counsel. The Court ordered the Government to produce to Defendants—to the extent required by the Federal Rules of Criminal Procedure and other relevant authority—unredacted copies of the compelled statements, and the Court denied the Government's motion for a protective order. (*Id.*)

In the hopes of limiting future uncertainty about whether evidence falls into the third category of taint, the Court "strongly suggest[ed] that the Government prepare and file under seal with the Clerk of this Court no later than August 15 an affidavit setting forth a summary of the evidence that the Government proposes to offer at trial against each Defendant, the witnesses it intends to call, a summary of the testimony it expects each witness to provide, and an explanation of how the Government's trial team identified each material piece of the evidence." (*Id.*) On August 15, the Government filed in each of these cases an overview of the Government's primary evidentiary sources, which provide "an overview of the witnesses, statements, and physical evidence that the government may seek to introduce as trial." (*Kalbflesh*, ECF No. 75.) Simultaneous with the filing of the overviews, the Government filed motions to seal them and prevent disclosure of the documents to Defendants. The Government argues that the overviews should not be disclosed to Defendants because they contain work product and other privileged material.

On August 16, 2013, Defendant Weicht filed an opposition to the Government's motion to seal the overviews, arguing that they do not qualify as work product or privileged material because they consist of evidence that is generally available to defense counsel through discovery. (*Kalbflesh*, ECF No. 77.) The Court has no intention of reviewing the Government's overviews unless and until it becomes necessary to determine whether some piece of evidence falls in the

third taint category. The Court does not need to review the overviews in order to reject Defendant's argument. To the extent that the overviews contain the actual evidence that the Government intends to offer at trial, Defendant should have already received that evidence in the course of discovery. To the extent that the overviews contain information about the evidence on which the Government intends to rely or other information about the Government's strategy, Defendant is not entitled to receive that information. The Government's overviews should not contain any information that Defendant is entitled to receive but has not yet received.

Therefore, the Court will grant the Government's motions to seal, and the Clerk's office should not release the sealed documents to anyone, including the presiding judge, unless the Court orders otherwise in writing.

Accordingly, it is ORDERED that:

(1) The Government's motion to seal (*Kalbflesh*, JKB-13-0083, ECF No. 75) is GRANTED;

(2) The Government's motion to seal (*Hinckle*, JKB-13-0084, ECF No. 91) is GRANTED; and

(3) The Government's motion to seal (*Harvey*, JKB-13-0102, ECF No. 51) is GRANTED; and

(4) The Clerk is DIRECTED not to release the sealed documents to anyone, including the presiding judge or his chambers staff, unless the Court orders otherwise in writing. The Clerk's office will print and store hard copies of the documents to be sealed and remove the electronically stored copies from the docket.

DATED this 27th day of August, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge