IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. 13-CR-083** |
| | * | |
| **JAMES KALBFLESH, and** | * | |
| **JASON WEICHT** | * | |
| | * | |
| **Defendants** | * | |

\*\*\*\*\*\*

**MOTION *IN LIMINE* FOR RULING ON
ADMISSIBILITY OF RELEVANT EVIDENCE**

NOW INTO COURT comes the United States, through undersigned counsel, and respectfully moves *in limine* for the Court to rule on the admissibility of evidence relating to beatings of the victim that occurred shortly before and shortly after the charged beating. The defendants in this case are corrections officials from Roxbury Correctional Institute (RCI) who are charged in connection with a beating of inmate Kenneth Davis that occurred on the midnight shift on March 8-9, 2008, and a cover-up that followed the beating. In two related cases, officers from other shifts at RCI have pled guilty to federal offenses in connection with two other beatings of the same inmate, one of which occurred on the shift prior to the midnight shift, and one of which occurred on the shift following the midnight shift.

At this trial, both the prosecution and the defense, in order to provide context for the charged offenses, will need to refer to the fact that other officers assaulted the victim before and after the assault that lies at the heart of this case. For example, cooperating officers, who will testify that they, along with defendant Kalbflesh, beat Davis during the midnight shift and then conspired with each other and both defendants to cover up what they had done, will explain that

when they came up with a false cover-story, they knew that the victim had been beaten by other officers and therefore decided to blame those other officers for the victim's injuries.  Evidence of the other beatings is thus relevant and necessary to explain the cover-up of the midnight shift assault.  Indeed, it provides essential context for the testimony of virtually every witness.

Additionally, in order for the government to prove the element of bodily injury, as required for the civil rights charge, the government must demonstrate that the injuries to Davis were not caused entirely by the prior incident or the subsequent one.  Accordingly, witnesses will testify that they saw the victim after the first beating and before the third beating.  In order for the jury to comprehend this testimony, the government will need to provide contextual information regarding the other beatings.

In addition, the government will seek to introduce defendant Kalbflesh's statement, on March 9, 2008, suggesting that officers on the prior shift – the evening shift – were responsible for Davis' injuries.  The government also expects that defendant Kalbflesh will refer to the prior and subsequent beatings in order to defend against the civil rights and conspiracy charges.  Defendant Kalbflesh is likely to share the government's interest in presenting evidence to the jury of the uncharged assaults.  Defendant Weicht, through counsel, has advised that he opposes the admission of any evidence regarding either the prior beating or the subsequent one.

The government is prepared to call cooperating officers, if necessary, from both the prior beating and the subsequent beatings, to testify that they and their fellow officers on their respective shifts beat inmate Davis in retaliation for Davis having assaulted an officer.  Some of the officers will also testify that there was an unwritten practice at RCI that, if an inmate assaulted an officer, officers on three shifts in a row would assault the inmate in retaliation.  These officers will also testify that they have pled guilty in federal court for their crimes.

In the interest of streamlining the presentation of evidence at this trial and minimizing the risk of confusing or overburdening the jury by creating trials-within-trials, the government proposed that the parties stipulate to the bare facts that officers on a prior shift have pled guilty to assaulting Kenneth Davis and/or covering it up afterward, and that officers on a subsequent have pled guilty to assaulting Davis and/or covering it up afterward.  Although defendant Kalbflesh agreed to the proposed stipulation, defendant Weicht did not.  Accordingly, the government is filing this Motion *in Limine* seeking a pretrial ruling regarding the admissibility and form of this evidence.

For the reasons stated above, the proffered evidence is relevant both to the prosecution case and the defense cases.  Accordingly, the parties should be permitted to offer the evidence at trial.  However, if either of the defendants or the Court is concerned that calling the cooperators from the other cases might unduly lengthen or disrupt this trial, the Court could obviate the need to do so by taking judicial notice, pursuant to Rule 201(b), of the guilty pleas related to the prior and subsequent assaults.  Fed. R. Evid. 201(b).  Rule 201 permits a court to make findings of facts that are "not subject to reasonable dispute" and that are "generally known" within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned."  Id.  Courts may take judicial notice of guilty pleas and convictions entered in related matters, even when those pleas or convictions relate to someone not a party to the proceeding at hand.  See United States v. Li, 280 Fed.Appx. 267, 269, (4th Cir. 2008) (holding that the district court did not err when it took judicial notice of a guilty plea entered by a person who had assisted the defendant in committing crimes); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 -1240 (4th Cir. 1989) (granting appellant's motion to take judicial notice of appellees' guilty pleas).  In fact, the Fourth Circuit has recognized that "the

most frequent use of judicial notice … is in noticing the content of court records." Id. at 1239. A Court's decision to take judicial notice of a guilty plea or conviction does not implicate the Confrontation Clause because it does "not result in the admission of a testimonial statement." Li, 280 Fed.Appx. at 269 (holding that judicial notice of a third-party's conviction did not implicate the defendant's Confrontation Clause rights).

When the Court takes judicial notice of a fact in a criminal case, the jury may or may not accept the noticed fact. Fed. R. Evid. 201(f). Accordingly, if the Court takes judicial notice of these pleas, the Court should so instruct the jury. Id.

Thus, for the reasons stated above, the government respectfully asks this Court for an express pretrial ruling that the parties may call witnesses to elicit evidence regarding the prior and subsequent beatings of inmate Davis. In order to streamline the presentation of evidence and eliminate any risk of jury confusion, the government further requests that the Court take judicial notice of the pleas.

    Respectfully submitted,

    JOCELYN SAMUELS
    Acting Assistant Attorney General
    Civil Rights Division

    /s/Forrest Christian
    FORREST CHRISTIAN
    Special Litigation Counsel

    SANJAY PATEL
    Trial Attorney
    U.S. Department of Justice
    Civil Rights Division, Criminal Section
    601 D Street NW #5200
    Washington, DC 20530
    (202) 514-8376
    (202) 514-8336 FAX

[forrest.christian2@usdoj.gov](mailto:forrest.christian2@usdoj.gov)
[sanjay.patel@usdoj.gov](mailto:sanjay.patel@usdoj.gov)

CERTIFICATE OF SERVICE

      I hereby certify that, on February 7, 2014, a copy of the foregoing was served upon the following counsel of record.

                                                                                _____/ s /_____
                                                                                Forrest Christian
                                                                                Special Litigation Counsel